HOLLAND & KNIGHT LLP
Charles L. Coleman, III (SBN 65496)
Chung-Han Lee (SBN 231950)
50 California Street, 28th Floor
San Francisco, CA 94111-4624
Tel:   415-743-6900
Fax:   415-743-6910

HOLLAND & KNIGHT LLP
Donald G. Mulack (admitted *pro hac vice*)
Scott W. Petersen (admitted *pro hac vice*)
131 South Dearborn Street 30th Floor
Chicago, IL  60603
Tel:   (312) 236-3600

Attorneys for Plaintiff
CAYMUS VINEYARDS

FILED
JUN 7 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAYMUS VINEYARDS, a California corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>CAYMAS SYSTEMS, INC., a Delaware corporation<br><br>   Defendant. | Civil Action No.:  C 04 4366 (JF)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Jeremy Fogel<br><br>MODIFIED BY THE COURT |

Pursuant to the stipulation of the parties, and this Court being fully advised in the premises, IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

1. This Confidentiality Protective Order shall bind and inure to the benefit of each party to this litigation (a "Party") and any third-parties who indicate in writing, or by making a statement on the record in a deposition, that such third-party consents to the bound by or seeks the benefits hereof (hereinafter a "Consenting Third-Party").

2. At the time of disclosure, any Party or Consenting Third-Party may designate as "Confidential (or Highly Confidential) Information Subject to Protective Order," in accordance with the procedures set forth herein, any non-public document or part thereof, any deposition testimony, any interrogatory answer or any other information produced by that party in this action that such party believes in good faith to contain or reflect trade secrets or other confidential research, development, technical, technological, customer, marketing, financial, commercial or personnel information.

3. All information or documents designated in accordance with this Order shall be used only for the purpose of prosecuting or defending this lawsuit (including any appeals) and not for any other litigation or any business or other purpose whatsoever. All information designated in accordance with this Order shall not be given, shown, divulged, made available, or communicated in any way to anyone except those persons designated in this Protective Order to whom it is necessary that such documents or information be given, shown, made available, or communicated for purposes permitted under this paragraph.

4. The persons other than the Court and the Court's reporter, clerk and Court staff having access (subject to the restrictions of paragraphs 5 and 6 of this Agreed Protective Order) shall be as follows:

(a) Outside attorneys (as opposed to in-house) appearing herein, paralegals and secretaries in their respective firms who are directly working on the present case only for the purpose of the prosecution or defense of this litigation;

(b) Court reporters transcribing testimony or arguments in this case;

(c) Outside experts or consultants, retained or consulted by any party for the purpose of the prosecution or defense of this litigation, who (i) are not competitors to disclosing party unless a written waiver is received from said party allowing said disclosure, and (ii) said outside experts or consultants read a copy of this Protective Order and have signed a copy of the Agreement to be bound by Protective Order ("Agreement") attached hereto as Exhibit A; and

| STIPULATED PROTECTIVE ORDER | Case No. C 04 4366 (JF) |
| --- | --- |

(d) Witnesses in any deposition or testimonial Court proceeding if the deponent produced or otherwise has knowledge of the material or prior written consent of the party designating the material or its counsel is obtained.

5. Information designated as "Confidential" pursuant to paragraph 2 of this Protective Order may be disclosed only to those persons listed in paragraph 4 above, unless prior written consent of the party designating information as "Confidential" or its counsel is obtained or upon further order of the Court. Information designated as "Highly Confidential" may only be disclosed to persons listed in paragraphs 4(a), 4(b) and 4(c).

6. All persons to whom "Confidential" or "Highly Confidential" information is disclosed shall treat that information as confidential and shall store such confidential information in a secure place taking reasonable precautions to prevent unauthorized disclosure of said documents. The confidential information may be reproduced only at the direction of counsel and then only as necessary for the purposes of this action, it being understood that no copies shall be given to any person not having access to confidential information as provided in this Protective Order. Any copies made of confidential information shall be subject to the confidentiality of this Protective Order.

7. Nothing herein shall restrict the right of a Party or Consenting Third-Party producing and designating information as "Confidential" or "Highly Confidential" to itself disclose that information to whomever it wishes or otherwise use that information as it sees fit.

8. Inadvertent Disclosure. Should any document or information designated as "Confidential" or "Highly Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the attached Agreement; and (c) promptly identify such person to the Party or Consenting Third-Party that designated the document or information as "Confidential" or "Highly Confidential."

9. All correspondence, pleadings, motions, transcripts or other papers filed with the court containing or disclosing information designated as "Confidential" or "Highly Confidential"

1   shall be filed ~~under seal and shall be available for inspection only by the Court and the Court's staff~~ in accordance with Civil Local Rule 79-5.
2   ~~until further order of Court, except as otherwise agreed by the parties and any interested non-party.~~
3   ~~The envelopes containing such confidential information shall be prominently stamped in~~
4   ~~substantially the following form:~~

6   CONFIDENTIAL
7   This envelope contains documents or information that are subject to a protective order or
8   agreement. The confidentiality of the material is to be maintained and the envelope is not to be
9   opened, or the contents revealed to any individual, except by order of court.

11   The entry of this Protective Order shall not limit in any way the evidence or order of proof
12   of any party at any hearing, appeal or trial in these matters. Unless otherwise specifically ordered
13   by the Court, all "Highly Confidential" documents admitted into evidence at trial, and all testimony
14   at trial disclosing the specifically identified confidential information, shall be redacted from the
15   public record and filed under seal as provided above.

16       10.    Failure to designate any information as "Confidential" or "Highly Confidential" in
17   accordance with this Protective Order shall not preclude the Party or Consenting Third-Party from
18   filing a motion to designate such information as such. The entry of this Protective Order shall not
19   be construed as a waiver of any right to object to the furnishing of information in response to a
20   request for discovery, nor shall it relieve any party of any obligation to produce information in the
21   course of discovery.

22       11.    In the event any Party or Consenting Third-Party having possession, custody or
23   control of any information which has been produced and designated "Confidential" or "Highly
24   Confidential" by another Party or by a Consenting third-Party hereafter receives a subpoena or
25   other process or order to produce such information in a civil action other than this case, such Party
26   or Consenting Third-Party shall notify the attorneys of record of the Party or Consenting Third-
27   Party, shall furnish those attorneys of record with a copy of said subpoena or other process or order,
28   and shall cooperate with respect to any procedure sought to be pursued by the Party or Consenting

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1  Dated: June 2, 2005                By: /s/ Elizabeth R. Gosse
2                                          Peter H. Goldsmith
3                                          Mark A. Steiner
                                            Elizabeth R. Gosse
4                                          *Attorneys for Defendant*
                                            CAYMAS SYSTEMS, INC.
5
6
7  Dated: June 7, 2005               ENTERED:
8
9
10                                     _____
11                                     UNITED STATES ~~DISTRICT JUDGE~~
                                       MAGISTRATE JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CAYMUS VINEYARDS, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAYMAS SYSTEMS, INC., a Delaware corporation<br><br>　　　　　　Defendant. | Civil Action No.: C 04 4366 (JF)<br><br>**ACKNOWLEDGEMENT**<br><br>Hon. Jeremy Fogel |

I hereby acknowledge that I have reviewed the attached Protective Order dated June ____, 2005, that I understand its terms and provisions, and that I will comply with the terms and provisions of said Protective Order in all respects. I agree to hold in confidence any information and documents disclosed to me in conjunction with any part I take in this proceeding. I hereby expressly submit to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcing the Protective Order, including any contempt of court proceeding.

I declare under the penalty of perjury that the above statements are true and correct.

Dated: _____, 2005

_____
Signature

_____
Printed Name

**EXHIBIT A**

- 7 -

STIPULATED PROTECTIVE ORDER　　　　　　　　　　　　　　　　　　Case No. C 04 4366 (JF)

(Holland & Knight LLP, 50 California Street, 28th Floor, San Francisco, CA 94111, Tel: (415) 743-6900, Fax: (415) 743-6910)